## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

M.K.A. and S.R.E.,

      Plaintiffs,

      v.                                                                                        Case No. 25-CV-01185-TC-RES

Department of Homeland Security,
Secretary of, et al.,

      Defendants.

## <u>MEMORANDUM AND ORDER</u>

      This matter comes before the Court on Plaintiffs' Motion for Leave to Proceed by Pseudonym, ECF No. 5, which was filed in response to the Court's Notice and Order to Show Cause. ECF No. 4. Because of the time-sensitive nature of the relief requested,[1] the Court rules without awaiting further briefing.[2] For the reasons set forth below, the Motion is granted.

## I.      BACKGROUND

      As stated in the complaint, Plaintiff M.K.A. is in the process of seeking asylum and permanent residency in the United States based on his marriage to his husband, Plaintiff S.R.E. *See generally* ECF No. 1. Plaintiff M.K.A. is a native of Syria who entered the United States with an F-1 visa. *Id.* at 3. He has been in removal proceedings since 2016, charged with removability for failing to maintain his F-1 status. *Id.* at 3-4.

---

[1]     *See, e.g., M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) ("Proceeding anonymously without permission is a jurisdictional defect that may (and indeed, must) be raised sua sponte.").

[2]     The Court notes that no Defendant has entered an appearance in this lawsuit as of the date of this Order. If any Defendant wishes to request reconsideration of this Order, any Defendant shall file a motion to reconsider within 14 days of the Defendant's appearance in this lawsuit. This Order constitutes a modification of the deadline set out in D. Kan. Rule 7.3.

On February 10, 2024, Plaintiff S.R.E., a United States citizen, filed an I-130 Petition for Alien Relative that is currently pending with the U.S. Citizenship and Immigration Services ("USCIS"). *Id.* at 4. Due to an alleged lengthy processing delay, Plaintiffs filed this suit against the Secretary of the Department of Homeland Security, Director of USCIS, and USCIS California Service Center where Plaintiffs' I-130 Petition is pending alleging two causes of action: (1) Count One, violation of the Administrative Procedures Act; and (2) Count Two, violation of the Mandamus Act. *Id.* at 7-10. In addition to filing the family-based I-130 Petition, Plaintiff M.K.A. filed an application for Asylum and Withholding of Removal with the Kansas City Immigration Court on July 27, 2017, based on a fear of persecution if he returned to Syria. *Id.* at 4.

In the present Motion, Plaintiffs seek leave to proceed by pseudonym "because the complaint, exhibits, and subsequent filings will contain highly sensitive and personal information about their immigration status and medical histories." ECF No. 5 at 1. The Motion additionally alleges that Plaintiff "M.K.A. fears persecution from the government of his home country, and his name becoming public will further put him at risk. S.R.E. is the spouse of M.K.A. and the petitioner for the I-130 Petition for Alien Relative. Identifying information about S.R.E. and his relationship to M.K.A. would further M.K.A.'s risk of persecution" and they are "at risk of threats of violence or physical harm in M.K.A.'s home country . . . ." *Id.* at 1, 3.

## II.    ANALYSIS

### A.    LEGAL STANDARD

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotations omitted). "'Lawsuits are public events' and 'there is no legal right in parties . . . to be allowed anonymity.'" *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th

Cir. 1998)).  There is no "court rule or statute permitting pseudonymous pleading." *Id.* (citing *Femedeer*, 227 F.3d at 1246).  Instead, "Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side." *Id.*

Nonetheless, courts including the Tenth Circuit Court of Appeals, "'traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity.'" *Id.* (quoting *Zavaras*, 139 F.3d at 803).  "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.*  By using the word "or" rather than "and," the Tenth Circuit has indicated that a case need only fall into one of these categories to proceed anonymously.

A court's decision whether to grant leave to proceed by pseudonym "must be based upon 'informed discretion,' after taking all relevant factors into consideration." *Id.* (quoting *Zavaras*, 139 F.3d at 803).  The "need for party anonymity [must] outweigh[ ] the presumption of openness." *Id.* (quoting *Zavaras*, 139 F.3d at 803).

## B.    PLAINTIFFS' NEED FOR ANONYMITY VERSUS THE PUBLIC'S RIGHT OF ACCESS

Plaintiffs have met their burden of establishing a need for anonymity based on the unique facts in this case.  Plaintiffs M.K.A. and S.R.E. are a married, same-sex couple and revealing either of their identities would necessarily reveal M.K.A.'s sexual orientation.  Plaintiff M.K.A. is a native of Syria, where his sexual orientation places him at an increased risk of danger.  ECF No. 5 at 5 ("Plaintiffs fear danger in the forms of arrest and physical violence in Syria if their identities

were to be revealed and if M.K.A. was removed to Syria. The Syrian legislation makes same-sex activities punishable by law, as stipulated in the Penal Code of 1949.").

Plaintiffs cite a report from the European Union Agency for Asylum that explains that since 2011, LGBTIQ individuals in Syria are at increased risk of sexual violence, persecution and discrimination. ECF No. 5 at 5. Plaintiffs contend, "[i]f [M.K.A.] and his husband are forced to reveal their identities, then they will be exposing themselves to the same threats and harm that M.K.A. has sought asylum protection from." *Id.* at 7.

Based on the information provided, the Court concludes that this case involves matters of a highly sensitive and personal nature and Plaintiff M.K.A. would face a "real danger of physical harm" if Plaintiffs' identities were made public and Plaintiff M.K.A. returned to Syria. This weighs strongly in favor of allowing Plaintiffs to proceed by pseudonym. Other courts have allowed parties to proceed by pseudonym in similar circumstances, where a party fears physical harm if they were to return to their home country.[3] Plaintiff M.K.A.'s status as an asylum-seeker additionally weighs in favor of allowing Plaintiffs to proceed by pseudonym.[4]

Next, the Court weighs Plaintiffs' need for anonymity against the public's interest in access to court dockets. This District recognizes that cases involving immigration issues implicate

---

[3]    *See, e.g., B.S.L. v. Garland*, No. 21-9519, 2022 WL 985817, at *1 (10th Cir. Apr. 1, 2022) (granting a motion to seal and substituting initials for a plaintiff's name "[g]iven petitioner's concerns for his safety upon removal"); *A.B. v. Sessions*, 741 F. App'x 563, 563 n.*, (10th Cir. 2018) ("In light of Petitioner's recent deportation to Bangladesh and concerns about his safety there, we use fictitious initials to protect his identity."); *see also P.A.-V. v. Bondi*, 148 F.4th 511, 515 n.1 (7th Cir. 2025) (granting motion to proceed by pseudonym based on the plaintiff's "fear of retaliatory acts of violence" if he were removed to Mexico; *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (plaintiff permitted to proceed by pseudonym "because of his fear that if he is returned to El Salvador he will be killed").

[4]    *See, e.g., A.B. v. United States Dep't of Homeland Sec.*, No. 23-CV-23554, 2023 WL 6160838, at *3 (S.D. Fla. Sept. 21, 2023) (granting a motion to proceed by pseudonym and stating, "asylum proceedings are inherently confidential proceedings, and the public has no interest in discovering Plaintiff's identity").

privacy and other concerns that are often protected from public disclosure. For example, the District's Administrative Procedures for Filing recognizes that immigration cases raise inherent privacy issues and automatically limit what immigration-related documents are available to the public.[5] Federal rules and statutes additionally provide unique protections to immigration-related proceedings.[6] Although these administrative procedures and rules are not dispositive on the issue of whether to allow a lawsuit to proceed by pseudonym in federal court, these procedures and rules generally reflect that unique privacy concerns in immigration-related cases can outweigh the public's right of access to all court records.

As Plaintiffs note, their identities are already known to Defendants because of the documents they have filed with USCIS seeking immigration relief. ECF No. 5 at 3, 7. Therefore, the Court finds that all Defendants will be able to fully participate in this case and will not be prejudiced if Plaintiffs' names are not made public. This further weighs against disclosing the identities of the Plaintiffs in this case.

On balance and in evaluating the unique allegations in this case, the Court therefore finds that this is an exceptional case involving matters of a highly sensitive and personal nature and where there is a real risk of danger if either of Plaintiffs' identities were revealed. Plaintiffs'

---

[5]     *See* Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas (revised Feb. 2025) available at https://ksd.uscourts.gov/sites/ksd/files/Combined%20Administrative%20Procedures.pdf (last accessed Oct. 10, 2025) ("To address the privacy issues inherent in a[n] . . . immigration case, except for orders designated as written opinions, Internet access to the individual documents will be limited to counsel and court staff.").

[6]     For example, Federal Rule of Civil Procedure 5.2(c) states, "in an action or proceeding relating to . . . immigration benefits," remote electronic access to files is limited to the parties and their attorneys. *See also* 8 C.F.R. § 208.6(a), (b) ("[i]nformation contained in or pertaining to any application for . . . asylum" including information that "indicate[s] that a specific alien has applied for . . . asylum," shall "be protected from disclosure").

interests in proceeding pseudonymously in this case strongly outweigh the public's general interest in access to proceedings.  Accordingly, the Court concludes that the presumption of public access "should yield in deference to sufficiently pressing needs for a party or witness anonymity."  *Luo*, 71 F.4th at 1296.  Because Plaintiffs have clearly met their burden of establishing that this case involves matters of a highly sensitive and personal nature and Plaintiff M.K.A. would face a real danger of physical harm, the Court need not address the additional arguments Plaintiffs' raise in support of their Motion.

While the Court has concluded that the public does not need to know the actual identity of Plaintiffs, the Court, however, does for conflict and other administrative reasons.  The Court therefore orders that on or before **October 21, 2025,** Plaintiffs shall file under seal a declaration containing Plaintiffs' real names.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Proceed by Pseudonym, ECF No. 5, is **GRANTED**.

**IT IS ADDITIONALLY ORDERED** that on or before **October 21, 2025**, Plaintiffs shall file under seal a declaration containing the real names of both Plaintiffs.

**IT IS ADDITIONALLY ORDERED** that the Clerk's Office is directed to issue summonses as requested by Plaintiffs' counsel.

**IT IS SO ORDERED.**

Dated: October 14, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge